UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY JEROME WOMACK,

    Petitioner,

v.

WARDEN,

    Respondent.

Case No. 18-01636 BLF (PR)

**ORDER TO SHOW CAUSE; GRANTING MOTION FOR EXTENSION OF TIME; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

(Docket Nos. 5 & 6)

    Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising a claim related to his state conviction out of Contra Costa County Superior Court.[1] Petitioner has filed a motion for extension of time, (Docket No. 6), and a motion for leave to proceed *in forma pauperis*, (Docket No. 5).

**DISCUSSION**

**I.    Standard of Review**

    This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

---

[1] This matter was reassigned to this Court on March 23, 2018. (*See* Docket Nos. 3 & 4.)

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Legal Claims

Petitioner claims that he was convicted of second degree robbery in 2005, and that he is challenging not that particular sentence, but the two 1982 robbery prior strikes that were used to enhance his sentence. (Pet. at 2.) Specifically, Petitioner asserts that he was "denied counsel representation" and did not receive an "open court admonition/waiver [of] rights" for the two 1982 priors. (*Id.* at 6-7.)

A petitioner generally may not attack the constitutionality of a prior conviction used to enhance a later sentence. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citation omitted); *see also United States v. Martinez-Martinez*, 295 F.3d 1041, 1043-44 (9th Cir. 2002) (bar against collateral attacks on prior convictions also applies where sentencing court declined to reduce sentence based on circumstances of prior conviction).

The only exception the Court expressly recognized to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Coss*, 532 U.S. at 404; *Daniels v. United States*, 532 U.S. 374, 382 (2001). The Ninth Circuit has recognized another: "[W]hen a defendant cannot be

2

faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Dubrin v. California*, 720 F.3d 1095, 1099 (9th Cir. 2013) (state courts incorrectly dismissed petitioner's state habeas petitions on ground that he was no longer in custody although petitioner was still on parole and therefore still in custody).

These exceptions appear to apply to Petitioner's challenge of the two 1982 prior convictions used to enhance his current sentence based on the allegation that he was denied right to counsel. Accordingly, the claim is cognizable under § 2254 and merits an answer from Respondent.

### III. Motion for Extension of Time

Petitioner filed this federal habeas action on March 16, 2018. (Docket No. 1.) On the same day, the Clerk sent Plaintiff a notice that he had failed to pay the Court filing fee or file an *In Forma Pauperis* ("IFP") Application. (Docket No. 2.) Petitioner was directed to file a response within twenty-eight days of the notice to avoid dismissal, such that he had until April 13, 2018. (*Id.*)

On April 23, 2018, Petitioner filed a motion for an extension of time, which he signed on April 17, 2018, to file his IFP application in order to follow up with the prison trust account office regarding supporting documentation. (Docket No. 6.) On the same day, the Court received a complete IFP application bearing Petitioner's signature dated April 3, 2018. (Docket No. 5.) Good cause appearing, Petitioner's motion for an extension of time is GRANTED such that the IFP application filed on April 23, 2018, is deemed timely filed.

### CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for an extension of time, (Docket No. 6), is **GRANTED**. Petitioner's motion for leave to proceed *in forma pauperis*, (Docket No. 5), is **GRANTED**.

3

2. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

///

///

This order terminates Docket Nos. 5 and 6.

**IT IS SO ORDERED.**

Dated: May 16, 2018

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause; Granting EOT; Granting IFP
PRO-SE\BLF\HC.18\01636Womack_osc&IFP

5