UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>    Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>    Respondent. | Case No. 18-01636 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br><br>(Docket No. 11) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent filed a motion to dismiss the petition for failing to obtain authorization to file a second or successive petition. (Docket No. 11, hereafter "Mot.") Petitioner filed an opposition, (Docket No. 14), and Respondent filed a reply, (Docket No. 15).[1] For the reasons set forth below, Respondent's motion is GRANTED.

///

///

---

[1] Petitioner filed a response to Respondent's reply, (Docket No. 17), which will not be considered since the matter became submitted upon the filing of Respondent's reply and Petitioner did not obtain prior Court approval. *See* L.R. 7-3(d).

## I. BACKGROUND

On March 8, 2005, Petitioner was found guilty by a jury in Contra Costa County Superior Court of second degree robbery (case no. 041151-2). (Mot. at 1.) In 2008, Petitioner filed a filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district, challenging the same 2005 Contra Costa County judgment. (*Id.*; *Womack v. Virga*, Case No. 08-03594 MMC (PR).[2]) The district court denied the petition on the merits and denied a certificate of appealability on February 20, 2012. (*Id.*) The Ninth Circuit Court of Appeals denied a certificate of appealability on March 6, 2013. *Womack v. Virga*, U.S.C.A. (9th Cir.) No. 12-15623.

On March 16, 2018, Petitioner filed the instant federal habeas petition.

## II. DISCUSSION

### A. Motion to Dismiss

A second or successive petition containing previously raised or new claims may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Respondent argues that the instant habeas petition must be dismissed because Petitioner failed to receive authorization from the Ninth Circuit Court of Appeal to proceed with a second or successive petition challenging his 2005 conviction. Respondent asserts that the instant petition is second or successive because Petitioner filed at least one prior habeas petition in this district, *see Womack v. Virga*, Case No. 08-03594 MMC (PR),

---

[2] The petition in that case indicates the case number as "050411512," and the date of sentence as March 8, 2005. (*See* Case No. 08-03594 MMC (PR), Pet. at 2.) Petitioner raised seven claims of ineffective assistance of appellate counsel. (*Id.*)

which challenged the same 2005 state conviction out of Contra Costa County Superior Court.

In opposition, Petitioner asserts that he is not challenging the same 2005 conviction in this action. (Opp. at 2.) Petitioner asserts that he is challenging the two 1982 prior robbery convictions in Alameda County which were used to enhance the sentence for the 2005 conviction based on the claim that he was denied right to counsel in those prior proceedings. (*Id.*)

A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, No. 16-15442, slip op. 1, 11 (9th Cir. May 8, 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)). The instant petition meets both these requirements. First of all, the factual allegation that Petitioner was denied counsel during the proceedings for the 1982 priors clearly occurred by the time he filed the initial petition in 2008. Secondly, the instant habeas action is clearly challenging the same state court judgment as the 2008 petition because Petitioner is asserting that the use of the allegedly unlawful 1982 priors to enhance his 2005 sentence resulted in an unlawful judgment and sentence for which he is currently incarcerated. Accordingly, the Court finds that the new claim raised in this action challenges the same conviction challenged in a prior federal habeas action and is therefore subject to 28 U.S.C. § 2244(b)(3)(A). As Respondent correctly asserts in reply, Petitioner is required to obtain an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a renewed challenge to his state conviction based on new facts, claims or law. (Reply at 1-2.) Petitioner has not presented such an order from the Ninth Circuit of Appeals. Accordingly, the instant petition must be dismissed in its entirety as second and

3

successive.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition, (Docket No. 11), is **GRANTED**.[3] The instant petition for a writ of habeas corpus is **DISMISSED** as second or successive. 28 U.S.C. § 2244(b)(3)(A). Petitioner may file another petition in this Court only if he obtains the necessary order from the Ninth Circuit.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

**Dated:** January 22, 2019

BETH LABSON FREEMAN
United States District Judge

Order Granting MTD; Denying COA
PRO-SE\BLF\CR.18\01636Womack_grant-mtd (sec&succ)

---

[3] In light of this dismissal, the Court need not address the timeliness issue raised by Respondent in reply. (Reply at 2.)

4